## Leon v. Philadelphia

*Bernard Ochman*, for plaintiff.
*David Berger*, City Solicitor, for defendant.
*Joseph E. Gold*, for intervening defendant.

KUN, P. J. and HAGAN, J., October 22, 1956.—A vacancy having occurred in the office of councilman-at-large, the president of city council, pursuant to law, issued a writ of election to the board of elections for a special election to fill the vacancy for the balance of the unexpired term, said special election to be held at the general election of November 6, 1956.

The board of elections, in preparing the city's election machines for the forthcoming election, accordingly included the office of councilman-at-large among the offices to be voted upon, placing the Democratic and Republican nominees therefor in the Democratic and Republican party columns respectively.

Plaintiff, who is the Republican nominee for said office, filed a complaint in mandamus against the board of elections, averring that the aforesaid arrangement of the election machines was improper and illegal, and demanding that the board of elections so arrange the election machines that the office of councilman-at-large be voted upon "separate and apart from, and independent of" the other offices being voted upon in said general election.

Leon J. Kolankiewicz, the Democratic nominee for the vacant office, and the Philadelphia County Democratic Executive Committee were permitted to intervene in the action, whereupon they filed preliminary objections to plaintiff's complaint, in the form of a demurrer.

Section 2-101 of the Philadelphia Home Rule Charter provides, inter alia:

". . . Should a vacancy occur in the office of any councilman, the President of the Council shall issue a writ of election to the board of elections having jurisdiction over elections in the City for a special election to fill the vacancy for the balance of the unexpired term, which election shall be held on a date specified in the writ. . . . The President of Council may fix as the date of the special election, the date of the next primary, municipal or general election."

The Pennsylvania Election Code of June 3, 1937, P. L. 1333, provides, inter alia:

"In all cases where under any law now or hereafter enacted, a special election is required to fill any vacancy in the office of member of the council or legislative body of any city, borough, town or township, such election shall be held on the day fixed in the writ for the special election . . .": Act of June 3, 1937, P. L. 1333, art. VI, sec. 628.1, as amended, 25 PS §2778.1.

"Every special election, held under the provisions of this article, shall be held and conducted *in all respects in accordance with provisions of this act relating to November elections*, and the provisions of this act relating to November elections shall apply thereto in so far as applicable, and not inconsistent with any other provisions of this act. *All such special elections held at the time of a regular primary or November election shall be conducted by the election officers by the use of the same equipment and facilities, so far as practicable, as are used for such primary or November election*": Act of June 3, 1937, P. L. 1333, art. VI, sec. 637, 25 PS §2787. (Italics supplied.)

The law requires that voting machines be so arranged that election equipment:

". . . (b) . . . shall permit each voter, at other than primary elections, to vote a straight political party ticket in one operation, and, in one operation, to vote for all the candidates of one political party for presidential electors, and, *in one operation, to vote for all the candidates of one political party for every office to be voted for*, except those offices as to which he votes for individual candidates . . .": Act of June 3, 1937, P. L. 1333, art. XI, sec. 1107, 25 PS §3007." (Italics supplied.)

And, as to the form of ballot, as follows:

". . . (h) The names of *all candidates of a political party shall appear in the same row or column*, and no other names shall appear in the same row or column, to the left or top of which shall be a straight party lever, by means of which an elector may, *in one operation, vote for all the candidates of that political party for every office to be voted for* . . .": Act of April 24, 1947, P. L. 68, sec. 1, as amended, 25 PS §3010. (Italics supplied.)

It is abundantly clear from the foregoing that there is no legal basis for granting plaintiff's writ of

mandamus which he asked for. Whatever merit there may be in the suggestion that the selection of municipal officers ought not in any way be combined with an election of National or State officers where other issues are involved, irrelevant to munipical affairs, it must be pointed out that the matter of elections as to form and procedure is purely statutory and cannot be disposed of on any theories of supposed good government or on supposed expediency.

Plaintiff's contention that because he is a candidate in a "special election" for councilman-at-large, and is entitled on that account to have the voting machines so arranged that he may be voted for by means of a separate lever on a separate line, apart from and independent of all other offices being voted upon in the said general election, must fall because the Election Code, as quoted, provides that every special election shall be held and conducted "in all respects in accordance with the provisions of (the) act relating to November elections" by the use of the same equipment and facilities, and the Election Code, as quoted, specifically directs that the voting machines and ballot labels thereon be so arranged as to permit each voter (at other than primary elections) to vote a straight political party ticket in one operation "for *all* the candidates of one political party for every office to be voted for". This is the procedure that the board of elections must follow. Neither the board of elections nor the court has any authority to direct otherwise.

If in the circumstances presented it might conceivably be considered more advisable to have candidates in a special election listed on a separate line in the voting machines, with a separate main lever to be used in voting for them, it is a matter for the consideration of the legislature. It is not the function of the court to indulge in considerations of this kind.

The Election Code, as pointed out, is quite clear on the subject.

The preliminary objections in the nature of a demurrer filed by defendants must be sustained, and, as nothing but a pure question of law is involved, plaintiff can plead nothing further by way of an amendment to his complaint, so that the matter can be disposed of on the complaint and the objections filed thereto which, being sustained, plaintiff's complaint is dismissed.

Griffiiths, J. concurs.